IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REPUBLIC INSURANCE COMPANY, now known as Starr Indemnity Liability Company, <br>          Plaintiff, <br>          Counter Defendant, <br><br>    v. <br><br> BANCO DE SEGUROS DEL ESTADO and GROUP DES ASSURANCES NATIONALES, <br><br>          Defendants, <br>          Counter Plaintiffs. | No. 10 C 5039 |

# **OPINION AND ORDER**

Plaintiff Republic Insurance Company ("Republic"), n/k/a Starr Indemnity Liability Company, seeks a judgment for amounts due from defendant Group Des Assurances Nationales ("GAN") under a retrocession (reinsurance of reinsurance) known as the LMX Contract for account-years 1979 and 1980. Summary judgment as to liability was previously granted in plaintiff's favor. *See* ***Republic Ins. Co. v. Banco De Seguros Del Estado***, 2013 WL 3874027 (N.D. Ill. July 26, 2013). Summary judgment as to liability was also granted as against

defendant Banco but the claims between Republic and Banco were subsequently settled and dismissed from this lawsuit.  On summary judgment it was further held that GAN's counterclaim for rescission failed and therefore was dismissed and that GAN is not liable based on the 1977 and 1978 contract-years being carried over into the 1979 and 1980 contracts.  Related to the latter point, it was held that GAN should refund premiums it was paid for the 1977 and 1978 contract-years.  Additionally, it was held that claims of Republic based on billings for December 31, 2003 and earlier were time-barred.  In discussions that occurred following the summary judgment ruling, the parties have narrowed the remaining issue of damages and related prejudgment interest, but have not fully resolved it.

The parties agree that the total amount of losses that GAN still owes for the 1979 and 1980 contract-years is $95,257.99,[1] that Republic is entitled to prejudgment interest on the amount actually due, and that prejudgment interest should be compounded and based on the United States prime rate.  The parties also agree that the premiums paid to GAN for which Republic is entitled to a credit total $19,371.46.  The parties further agree that GAN is entitled to a

---

[1]GAN actually contends the amount is 4 cents lower, but that is a *de minimis* disagreement that the court will not attempt to reconcile.  Republic's amount will be used.

recoupment of losses charged to and paid by GAN for the 1977 and 1978 contract-years. Republic contends that amount is $17,617.04 while GAN contends it is $64,095.95. To the extent the recoupment amount exceeds the premiums paid, GAN contends it is entitled to an offset against monies it owes for the 1979 and 1980 contract-years. Republic contends the offset would be limited to the amount of the 1977 and 1978 premiums, but, if not, then Republic would be able to offset the excess with time-barred claims from 2003 and earlier. After determining the amount of credits GAN is entitled to receive against the $95,257.99 owed, GAN further contends that Republic is only entitled to an amount representing a 5% share, while Republic contends it is entitled to the entire amount.

As discussed in the previous ruling, 2013 WL 3874027 at *3-6, Republic is the front company in whose name reinsurance was issued for a Syndicate. PAG acted as the underwriting agent for Republic and the Syndicate. During the pertinent years, the Syndicate was ceded 50% or 55% of the business while the remaining 50/45% of the business was ceded to the LMX Quota Share Treaty. Republic's share of the Syndicate represented 5% of the total reinsurance. GAN participated in the LMX Quota Share Treaty, with its share being approximately 2.22%. In resolving a discovery dispute with GAN, Republic stipulated in part:

"(f) As it relates to the Republic Fronted Business, Republic is the only reinsured that is entitled to recovery under the LMX Quota Share Treaty for the years 1977-1980. (g) Republic's claims against GAN are based solely upon the Republic Fronted Business which Republic ceded to the LMX Quota Share Treaty for the years 1977-1980, and Republic asserts no other claims against GAN. The amounts ceded to the Pan Atlantic Syndicate are not included within the claims made in the above-captioned lawsuit."

Republic is not seeking to recover from GAN any portion of the Syndicate's losses which represented 50/55% of the total business. GAN's entire 2.22% share, however, was a portion of the LMX Quota Share Treaty, which was part of the other 50/45% of the total business, not part of the amount retained by the Syndicate. Originally, PAG was the agent responsible for procuring the retrocessional coverage and administering the LMX Quota Share Treaty. Following a dispute with PAG, litigation, and a settlement, Republic took over PAG's administrative duties for the LMX Quota Share Treaty. *See* PAG Settlement Art. 2 [Docket Entry 79-4]. *See also* Notice to Retrocessionaires [Docket Entry 79-5]. Republic is entitled to collect the full amount that GAN owes under the LMX Quota Share Treaty. This is true regardless of whether or

not Republic must pay a portion of the amount it collects to one or more other entities that it is acting on behalf of.

As GAN concedes, its claim to recoupment is a defense. Therefore, GAN bears the burden of establishing the amount of its recoupment. *See* ***Ace Hardware Corp. v. Marn, Inc.***, 2008 WL 4286975 *21 (N.D. Ill. Sept. 16, 2008); ***U.S. for use of Ascher Bros. Co. v. Am. Home Assur. Co.***, 2003 WL 1338020 *19 (N.D. Ill. March 18, 2003).[2] The amount of recoupment must be shown to a reasonable degree of certainty with only limited speculation, if any. *See* ***Marn***, 2008 WL 4286975 at *19, 22. To the extent, the opposing party's conduct impedes quantification, greater speculation in estimating damages is permitted. ***BCS Serv., Inc. v. BG Investments, Inc.***, 728 F.3d 633, 639-40 (7th Cir. 2013).

GAN's claimed recoupment amount is based on the assumption that the proportion of loss for the 1977 and 1978 contract-years is the same as the

---

[2]Since GAN does not cite English law on this issue, *see* GAN's First Letter Response [Docket 114] at 4 citing ***N. Trust Co. v. Peters***, 69 F.3d 123, 135 (7th Cir. 1995) (Illinois law regarding recoupment); ***Ario v. Am. Patriot Ins. Agency, Inc.***, 2007 WL 2743204 *12-13 (N.D. Ill. Sept. 7, 2007) (miscited by GAN as a 2d Cir. case) (Illinois law regarding setoff); English Limitation Act of 1980 S.32 (regarding limitation period when there is concealment or when seeking relief from the consequences of a mistake), it will be assumed that Illinois or federal common law applies or that English law is the same as Illinois or federal common law on this issue.

proportion of loss for the 1979 and 1980 contract-years and using that proportion to estimate the amount of loss attributed to the earlier years. That, however, is not a reasonable methodology. The underlying reinsurance for each contract-year varies and, more importantly, the net loss or gain from particular insurance contracts vary from year to year. GAN presents no other basis for determining that the losses it had previously paid for the 1977 and 1978 contract-years totaled $64,095.95 or any other amount in excess of $17,617.04. The $17,617.04 determined by Republic is the amount of recoupment credit for which GAN is entitled. Since that does not exceed the premiums credit owed to Republic, it is unnecessary to determine whether GAN's recoupment can exceed the amount of the premium credit nor whether Republic can offset any positive recoupment. The $114,629.45 in damages calculated by Republic will be awarded as against GAN. Republic will also be awarded $114,137.04 in prejudgment interest, which (using the spreadsheet provided by Republic) is the calculation through March 20, 2014.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff-counterdefendant Republic Insurance Company ("Republic"), n/k/a Starr Indemnity Liability Company, and against defendant-counterplaintiff Group Des Assurances Nationales (a) in the amount of

$228,766.49, (b) dismissing Group Des Assurances Nationales's counterclaim with prejudice, and (c) awarding costs of suit to plaintiff.

ENTER:

<u>/s/ William T. Hart</u>
UNITED STATES DISTRICT JUDGE

DATED: MARCH 20, 2014